Argued June 5, affirmed October 19, 1972

# CORBETT ET UX, *Appellants, v.* SAHLSTROM, *Respondent.*

501 P2d 1264

222

*F. P. Stager,* Salem, argued the cause and filed briefs for appellants.

*Bernard Jolles,* Portland, argued the cause for respondent.

HOLMAN, J.

Plaintiffs William and Gertrude Corbett and the Dickenson Corporation, former clients of defendant E. B. Sahlstrom, a lawyer, initiated this suit to have a deed to defendant declared to be a mortgage given as security for the payment of a fee. Defendant claims the deed was given in satisfaction of the fee. Defendant filed a plea in abatement, contending that all indispensable parties plaintiff had not been joined. Plaintiffs conceded that the plea in abatement was well taken. The trial court then abated the proceedings until all indispensable parties had been made parties to the suit and allowed the above-named plaintiffs thirty days from March 2, 1971, upon penalty of dismissal, within which to bring in such parties.

On the thirtieth day a first amended complaint was filed which included all indispensable parties plaintiff as plaintiffs, with the exception of two who were named as parties defendant. There was no explanation in the amended complaint, as required by ORS 13.170①, as to why these two parties had been

_____

① ORS 13.170: "Parties to a suit who are united in interest must be joined as plaintiffs or defendants; but if the consent of

made parties defendant instead of parties plaintiff. Defendant thereafter filed a motion to dismiss on the ground that plaintiffs had not complied with the court's order requiring that all persons who were indispensable parties be made parties to the case.

After the motion to dismiss was filed, and one month and twenty-six days after the deadline set by the court, the plaintiffs obtained an ex parte order of the court permitting them to file a second amended complaint in which all the necessary parties were made parties plaintiff. Thereafter, defendant's motion to dismiss because of the failure of plaintiffs to comply with the court's initial order within the allotted time was heard and the motion was allowed. Plaintiffs William and Gertrude Corbett appealed.

Plaintiffs contend that their first amended complaint, which was filed within the requisite time, complied with the court's order because it named all indispensable parties either plaintiffs or defendants. Although the court's order did not require that the missing parties be made parties plaintiff but only that they be made parties, plaintiffs had previously conceded that the missing parties were necessary parties plaintiff. Therefore, they could only have been made parties defendant if their consent to make them parties plaintiff could not have been obtained and the reasons therefor were stated in the complaint.

Prior to the hearing on the motion to dismiss, one of plaintiffs' lawyers filed an affidavit, attempting to justify the inclusion in the first amended complaint

anyone who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason being stated in the complaint * * *."

of the two parties as parties defendant. The relevant part thereof was as follows:

"* * * [T]hrough Bill Corbett, I immediately prepared consents to be signed to allow A. C. Goodrich and I to represent the other parties in the case. I sent them to Bill Corbett. On the 17th of March, 1971, I sent an inquiry to Bill Corbett asking about the consents, some few days after that I received the first consent signed by Jack Corbett, and as time was growing short, I prepared an amended complaint, with Jack Corbett as a party plaintiff and the two missing Corbetts, Anna and Harold, as party defendants. This was filed within the time limit of a month and complied with the court's order as I understood it to be. On April 19, I received a letter from Bill Corbett that he had located Anna Corbett and would have that consent shortly. On May 6, I again wrote to Bill Corbett about the authorization of Harold and Anna Corbett. I received them both a few days later and prepared the complaint, which now joins all of the Corbetts as party plaintiffs. A. C. Goodrich has the consents in his file at this time."

Even the affidavit makes no showing of inability to secure, within the time allotted by the court, the consent of the two indispensable parties plaintiff who were named as parties defendant. In effect, all the affidavit says is that the consent to make them parties plaintiff was not obtained in time to comply with the court's order, so they were made parties defendant.

■ In view of the failure to comply with the provisions of ORS 13.170, the two indispensable parties plaintiff were not made parties to the case within the time limited by the court, and, therefore, the trial court's order was not complied with. They could not have been made parties defendant unless it was shown that their consent could not be secured to make them

parties plaintiff. In the absence of a contrary showing, we must assume that at the time of filing their first amended complaint the plaintiffs could not comply with the requirements of ORS 13.170 by stating that it had been impossible to secure the consent of the two indispensable parties plaintiff. No application was made for additional time in which to make them parties.

Had these two persons been served with process, it could have been argued that they actually were parties to the case, despite the failure to comply with ORS 13.170. No service was ever attempted on these two persons even though they had no previous connection with the case and were at that time unrepresented by counsel. The most that can be said is that plaintiffs added their names to the title of the case.

It may seem that the trial court's dismissal was overly harsh. However, plaintiffs do not contend that the trial judge abused his discretion in dismissing their case for failure to meet the requirements of his previous order.

■ Plaintiffs also contend that since authority was secured to file a second amended complaint and the consent of the two indispensable parties had been obtained by the time such complaint was filed, the trial court should not thereafter be permitted to dismiss the case. Plaintiffs argue that upon the filing of the second amended complaint, the first amended complaint was superseded and its defects could not thereafter be the bases for an order of dismissal. Even if the first amended complaint was superseded by a second amended complaint which joined all necessary parties plaintiff, it is difficult to see how the second amended complaint was of benefit to plaintiffs when

it was filed one month and twenty-six days after the expiration of the time set by the court.

Also, the record indicates that the order permitting plaintiffs to file a second amended complaint was taken pursuant to a motion which did not disclose to the court that three weeks earlier there had been filed a motion for dismissal which was then pending. In addition, there is no indication of service upon defendant of the motion requesting such permission. Thus, there is no showing that defendant had an opportunity to remind the court of his pending motion to dismiss or that the time set by the court for bringing in additional parties had elapsed. There is no indication that the trial judge intended to foreclose disposition of the motion to dismiss or even knew that such a motion existed at the time he issued the ex parte order permitting the filing of the second amended complaint.

The judgment of the trial court is affirmed.